J. J. Sheppard v. J. J. Terrell, Commissioner.

No. 1281.  Decided March 14, 1904.

**Mandamus—Jurisdiction of Supreme Court—Question of Fact.**

On petition to the Supreme Court for mandamus requiring the respondent, as Commissioner of the General Land Office, to accept the applications of relator to purchase a section of school land as an actual settler and three others as additional sections to such home place, a plea filed by an intervener holding assignment of a leasehold interest in the land from one made a defendant to the proceeding as an adverse claimant, which plea denied relator's claim to be an actual settler on his alleged home place, presented an issue of fact which precluded the Supreme Court from taking jurisdiction.  (Pp. 458, 459.)

Original application for writ of mandamus from the Supreme Court to the Commissioner of the General Land Office.

*James & Yeiser* and *C. E. Spalding,* for relator.

*C. K. Bell,* Attorney-General; *T. S. Reese,* Assistant, and *E. Cartledge,* for respondents.

BROWN, Associate Justice.—Sheppard filed a petition in this court against J. J. Terrell, Commissioner of the General Land Office, and N. T. Wilson, praying for a writ of mandamus to compel the Commissioner of the Land Office to award to him as purchaser the lands described in his petition.  The petition alleged that the lands in question belonged to the free school fund, had been duly appraised and classified and all of the acts done which was necessary to place them upon the market for sale, and that they were upon the market for sale at the time that his several applications to purchase them were filed with the county clerk of Crockett County.  The petition alleged that before and at the date of the application to purchase section 24, certificate 199, block A, T. C. Ry. Co., containing 640 acres, the petitioner was an actual bona fide settler upon the said section and that he made his application to purchase the same for a home.  He also alleges regular applications to purchase three other sections of land of 640 acres each as additional land to his home section, averring that each of the said sections lie within a radius of five miles of the home section.  The allegations of the petition are full as to the performance of all the acts required by law of applicant to be done, and show that his applications were in due form and the one-fortieth of the purchase price for each section paid in accordance with the requirements of the law.  It is alleged that these applications were filed with the county clerk of Crockett County and were duly forwarded to the Commissioner of the Land Office and the money paid on the purchase price remitted to the Treasurer as the law required.  That J. J. Terrell, Commissioner of the General Land Office, rejected the applications, assigning as a reason therefor that the lands were then held by N. T. Wilson under

a valid and subsisting lease. Terrell answered by general demurrer and Wilson disclaimed all interest in the land, stating that before the institution of this suit he had sold and transferred his interest in the lease to the Val Verde Land and Cattle Company. The Val Verde Land and Cattle Company filed a plea of intervention and answer under oath in which is the following paragraph: "This respondent does not admit, but denies, that relator settled upon section 24 in good faith as alleged in his petition for the purpose of acquiring the same for a home; and further, this respondent says that if relator ever settled upon said section at all he abandoned same a few days thereafter and has never at any time before or since the date of his applications to purchase the lands involved in this proceeding resided upon, used, enjoyed or occupied the same for a home for himself and family."

This pleading forms an issue of fact on the actual settlement of the relator upon section 24, which issue this court can not try, and as the right of the relator to the other sections depends upon the question of actual settlement upon the home section, the issue affects the proceeding as to all the sections mentioned in the petition for mandamus. It is therefore ordered that this cause be dismissed at the cost of the relator.

*Dismissed.*